WyXjY, J.
This case was before this court in 1873, and was remanded for the purpose of allowing the intervenor, Mrs. S. A. Bell, an *629 opportunity for serving citation, and putting her intervention at issue. The case is reported in 25 An. 566, to which reference is made for a statement of the' case.
At the trial on the remandment, her intervention was dismissed and the demand of the intervenor, Cooper, was rejected. As neither of these intervenors have appealed, their pretensions will not be noticed, the controversy ■ between the plaintiff and defendants being the only one to determine in this appeal.
We find from the evidence that plaintiff was the lessee of the plantation seized by defendants as the property of Mrs. S. A. Bell, the defendant in execution, and being lessee he was the owner of the twenty-seven bales raised on said plantation in 1869, which were seized and disposed of by defendants, and on account of which this litigation arises. That plaintiff was the lessee of the plantation in 1868 can not be doubted. Whether the husband of Mrs. Bell had authority as agent to execute to him the lease for 1869, is immaterial; he remained on the place after the expiration of the lease of 1868, and continued to cultivate the plantation in 1869. The lease was renewed by tacit consent. Revised Code 2688.
That plaintiff signed the injunction bond as security for Mrs. Bell when she resisted the execution of defendants’ judgments, does not estop plaintiff from claiming to be the owner of the twenty-seven bales of cotton involved in this controversy. There the ownership of this cotton was not at issue, the right of defendants to execute their judgments against Mrs. Bell was the subject of inquiry.
Although the plantation was seized under the judgments of defendants in June, 1869, as the property of Mrs. Bell, it was not sold till 1873, long after the lease to plaintiff had expired. The mere seizure of the mortgage property in June 1869, did not divest plaintiff of the title to the crop which he was raising on said plantation leased for 1869. The seizure in no manner disturbed him in cultivating the. place. Neither the sheriff nor his codefendants advanced any supplies, paid the laborers, nor did they in auy manner contribute to the raising and gathering of the crop. It was after plaintiff had shipped from the place sixty bales of cotton, and was about to ship the twenty-seven bales in dispute that defendants made the seizure and disposition of this cotton.
If the plantation had been sold by the sheriff pending the lease under the mortgage previously executed containing the nonalienation clause, the sale would have dissolved the lease and the purchaser could have taken possession. But here, pending the seizure, the lessee is not disturbed in cultivating his crop, and after the cotton is ginned and baled ready for market — a movable belonging to the lessee — it is *630 seized by the defendants, taken from the possession of the owner, and shipped and disposed of by the defendants, Silbernagle & Co. We think the cotton belonged to plaintiff, and the seizure and disposition of it by the defendants was unjustifiable and wrong. Richardson v. Dinkgrave, sheriff, et al. 26 An. 632. The value of the property we fix, from the evidence, at $2700. The damages, including attorney’s fees, we fix at $500.
It is therefore ordered that the judgment appealed from in favor of defendants be annulled, and it is decreed that plaintiff recover of defendants in solido thirty-two hundred dollars, with legal interest thereon from judicial demand, and costs of both courts.
Rehearing refused.